IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SHAPAT NABAYA, | § | |
| | § | |
| Movant, | § | |
| | § | |
| v. | § | No. 3:21-cv-01190-N-BT |
| | § | |
| UNITED STATES of AMERICA, | § | |
| | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Movant Shapat Nabaya, a federal prisoner incarcerated at Seagoville FCI in Seagoville, Texas, filed a *pro se* motion to vacate, set-aside, or correct his sentence under 28 U.S.C. § 2255. The District Court referred the resulting civil action to the United States magistrate judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference. Nabaya, however, was convicted and sentenced in the Eastern District of Virginia, Richmond Division. Therefore, the Court lacks jurisdiction over Nabaya's § 2255 motion. The Court should dismiss this civil action and deny any pending motions as moot.

In his amended motion, Nabaya makes several claims against the district judge who presided over his case in the Eastern District of Virginia, including: (1) the judge denied him the protections of the Constitution; (2) the judge denied him the right to confront his accuser; and (3) the judge denied him the right to produce discovery at trial. Am. Mot. (ECF No. 6). But a movant must file his § 2255 motion

1

in the court where he was convicted and sentenced. 28 U.S.C. § 2255(a) (stating that a prisoner "may move the court which imposed the sentence to vacate, set aside, or correct the sentence."); *see also Pack v. Yusuff*, 218 F.3d 448, 452 (5th Cir. 2000) ("A section 2255 motion must be filed in the sentencing court"); *United States v. Williamson*, 469 F.2d 88, 89 (5th Cir. 1972) (per curiam) ("The collateral attack must be filed in the convicting court."); *Light v. United States*, 430 F.2d 932, 933 (5th Cir. 1970) (per curiam) (finding that a collateral attack on the validity of a conviction must be filed in the convicting court). Indeed, only the sentencing court has jurisdiction over § 2255 claims involving errors that occurred before or during sentencing. *Ojo v. INS*, 106 F.3d 680, 683 (5th Cir. 1997) (noting that only the sentencing court has jurisdiction to address a § 2255 motion); *Solsona v. Warden, F.C.I.*, 821 F.2d 1129, 1132 (5th Cir. 1987) (holding that only the sentencing court has jurisdiction to hear a § 2255 motion attacking a sentence). When a district court lacks jurisdiction to entertain a habeas petition, it must dismiss the petition for lack of jurisdiction. *Lee v. Wetzel*, 244 F.3d 370, 375 (5th Cir. 2001).

Here, Nabaya's claims are the type claims reserved for § 2255 motions. *See* 28 U.S.C. § 2255(a) (a § 2255 motion raises the following type claims: (1) the right to be released on the ground that the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack); *see also Tolliver*

*v. Dobre*, 211 F.3d 876, 877-78 (5th Cir. 2000) (per curiam) ("Section § 2255 is the primary means of collaterally attacking a federal sentence.") (citing *Cox v. Warden, Fed. Detention Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990)). Nabaya, however, was convicted and sentenced in the Eastern District of Virginia, Richmond Division. Am. Mot. 2 (ECF No. 6); *see also United States v. Nabaya*, No. 3:17-cr-3-MHL-1 (E.D. Va.). Therefore, he must file his § 2255 claims in that district and division. This Court lacks jurisdiction over Nabaya's § 2255 motion.

The Court should DISMISS the motion to vacate, set-aside, or correct sentence under 28 U.S.C. § 2255, *see Lee*, 244 F.3d at 375, and deny any pending motions as moot.

SO RECOMMENDED

July 15, 2021.

                                                   _____
                                                 REBECCA RUTHERFORD
                                                 UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).